**Andrew G. W. FREDERICK, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 66-624.**

United States District Court
W. D. Pennsylvania.

Nov. 28, 1966.

Judgment affirmed 386 F.2d 435.

Silvestri Silvestri, Pittsburgh, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

OPINION

WEBER, District Judge.

This is a Motion to Vacate Sentence under 28 U.S.C.A. § 2255. Petitioner was

sentenced by the undersigned upon a plea of guilty on March 24, 1966.

Petitioner first came to the attention of this member of the Court on March 3, 1966. He had been arrested in Pittsburgh, Pennsylvania, on a complaint issued in Cleveland, Ohio, for the interstate transportation of forged securities. He had been brought before the United States Commissioner, waived hearing and declined bail because of pending local charges against him. He wrote to the Chief Judge of this District Court asking that he be brought before the Court at once because he wished to plead guilty to an information so that he could be sentenced to a Federal Institution to receive better medical attention than he was then receiving in the Allegheny County jail. He also communicated with the United States Attorney's office posing the same request.

Because he was unrepresented by counsel and had not asked for the appointment of counsel, he was brought before the undersigned, where it was explained to him that he apply under Criminal Procedure Rule 20 to have the matter transferred from the Northern District of Ohio to the Western District of Pennsylvania. Before executing the Consent to Transfer under Rule 20, he was advised of his right to counsel which he rejected as unnecessary. He was in possession of about $800 in funds at the time of his arrest. After an extensive discussion, which is reported in the record, it was arranged to have his application executed for the Form 20 Transfer, a waiver of indictment was executed, and a waiver to allow a presentence report to be prepared before the reception of the plea. An examination of the transcript of that session shows clearly that defendant was fully aware of his rights, and was attempting to impress upon the Court and the United States Attorney his desire to have matters expedited.

Following that session, Defendant also wrote again to this member of the Court and the Probation Officer asking that his plea be taken immediately, asking what the reason was for the delay, and expressing his desire to be sent to a Federal institution because of his health. He frequently mentioned his desire to be returned to the Medical Center for United States Prisons at Springfield, from which he had been discharged on the previous December. He was advised that his arraignment would be held as soon as the papers arrived from the Northern District of Ohio.

On March 24, 1966, he was brought before the undersigned for arraignment. He again declined counsel and entered a plea of guilty. An examination of the transcript shows a full understanding of the proceedings on the part of the Defendant, an intelligent waiver of counsel, and a plea of guilty freely and voluntarily made.

Subsequent to the sentence Defendant mailed a letter to the Court asking for modification of the sentence which the Court ordered filed as a Motion under 28 U.S.C. § 2255. The ground of the motion was that the Court had imposed sentence without being furnished with a psychiatric evaluation of Defendant which had been ordered at the time of a prior sentence on a similar offense in 1965. Defendant was in error, the Court had the report supplied as part of its presentence investigation. The Motion was denied.

Other letters, motions and petitions followed, both filed with this member of the Court, the Chief Judge of the District, and with the Court of Appeals. All were denied or subsequently withdrawn.

The present motion was filed May 25, 1966, together with a Motion for Allowance to Proceed in Forma Pauperis and a Motion for Assignment of Experienced Trial Counsel. The Forma Pauperis proceeding was allowed, a transcript of the record furnished, and counsel of a high degree of skill and experience was assigned.

The Court heard argument of counsel and considered briefs filed. There being one question of evidence not fully covered by the record, the Court set the matter

down for hearing and ordered the petitioner brought to the Court for the hearing.

The evidentiary hearing was made necessary because of the allegation of Petitioner that during the time he had been awaiting sentence in Pittsburgh he had given valuable information to the United States Immigration and Naturalization Service and that its officer had promised in exchange for his cooperation to intervene with the Court at the time of sentencing to obtain leniency for him. On September 15, 1966, the evidentiary hearing was held, the Petitioner testified and called a Deputy United States Marshal in his behalf, and Mr. Frank E. Berry, of the United States Immigration and Naturalization Service was produced for examination by Petitioner.

The allegations of Petitioner, his testimony on the witness stand, and the testimony of Mr. Berry are all matters of credibility. In view of the many allegations of Petitioner in his motion, supported by affidavit, that are contrary to the record, there is little basis for trusting the credibility of Petitioner. It appears that upon his arrest in Pittsburgh the Petitioner was carrying a Canadian passport, and the Immigration Service was notified and visited him. Petitioner told the Immigration Officer how he obtained the false Canadian passport. Petitioner had gone to Canada, advertised for an employee, interviewed prospects, and told a likely prospect that he would be considered and would have to submit a birth certificate. With the birth certificate of the applicant, petitioner secured for himself a Canadian passport in the name of the applicant for employment which he then used in the United States. He also alleges that he told the Immigration Service of a certain tavern in Montreal where there was an opportunity to secure false passports. The Immigration Service forwarded the information to the Canadian authorities. The information so given does not appear of great value nor does it appear that Petitioner endangered his life and safety in so giving it as he alleges.

■ Petitioner has not sustained his burden of proof as to inducements made to secure his plea of guilty.

The remainder of Petitioner's contentions, ably presented in an Amended Motion prepared by his appointed counsel, and briefed and argued by counsel, concern matters covered by the record. While forcefully pressed they do not convince the Court that Petitioner did not fully, completely, intelligently and knowingly waive the assistance of counsel at all stages prior to his sentencing, waive indictment, request a transfer of proceedings to the Western District of Pennsylvania for the purpose of entering a plea of guilty, and enter a plea of guilty without threat or inducement. We do not rest solely on the observation that Petitioner is no stranger to criminal court procedures; he is highly intelligent, enterprising, and articulate. In summary, after reviewing the proceedings, the Court cannot escape the conclusion that Petitioner from the beginning has attempted to impose upon the Court and the government agencies with whom he dealt. From the beginning he informed the Court that he had no defense to offer to the charge, that there were only mitigating circumstances, that he saw no necessity for assistance of counsel, and that his continued detention in the Allegheny County Prison endangered his health. He was impatient at the delay in his sentencing, and the United States Attorney and the Court attempted to expedite the transfer process and his plea. We can find no denial of fundamental rights nor any element of unfairness in the proceedings.

Motion denied.